# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00189-CV

---

### S. W., Appellant

### v.

### Texas Department of Family and Protective Services, Appellee

---

### FROM THE 20TH DISTRICT COURT OF MILAM COUNTY
### NO. CV40326, THE HONORABLE JOHN YOUNGBLOOD, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

The Court concludes that the district court failed to make the findings necessary for an extension of the statutory one-year dismissal deadline and thus lost jurisdiction over the case after that deadline expired, *see* Tex. Fam. Code § 263.401, rendering its termination order void. Because I would conclude on this record that the district court made the findings necessary to maintain jurisdiction, I dissent.

In a suit affecting the parent-child relationship filed by the Department that requests termination of the parent-child relationship or requests that the Department be named conservator of the child, Family Code "section 263.401(a) provides that if a trial court fails to commence the trial on the merits or grant an extension within one year after the trial court appointed the Department as temporary managing conservator, the trial court's jurisdiction terminates, and the case is automatically dismissed." *In re G.X.H.*, 627 S.W.3d 288, 296 (Tex. 2021) (citing Tex. Fam. Code § 263.401(a)). However, under certain circumstances, the trial

court may extend the dismissal date. "Section 263.401(b) sets forth the circumstances in which the automatic dismissal date—and thus the trial court's jurisdiction over the suit—may be extended." *Id*. If "the court finds that [1] extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that [2] continuing the appointment of the department as temporary managing conservator is in the best interest of the child," then "the court may retain the suit on the court's docket for a period not to exceed 180 days." Tex. Fam. Code § 263.401(b). Thus, "under the statute, '[t]he court cannot just enter an extension order.' Rather, "the court must make [the two] specific findings to support the extension order." *G.X.H.*, 627 S.W.3d at 298 (quoting *In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d 637, 243 (Tex. 2009) (orig. proceeding)). "Trial courts should make the section 263.401(b) findings in a written order as a matter of course, but . . . the failure to do so is not error, provided the findings are made orally on the record or in some other writing." *Id*. at 299.

Trial courts are not required to "hold a hearing before extending the dismissal date," and "in the absence of a record of the hearing" on the matter, "we presume the evidence was sufficient to support the trial court's findings." *Id*. at 300 (citing *In re D.S.*, 602 S.W.3d 504, 510 n.9 (Tex. 2020)). When the parents "are challenging the trial court's extension of the dismissal date," it is "the parents who b[ear] the burden to bring forth on appeal a record to demonstrate the absence of evidence to support the required findings." *Id*. Finally, there is no requirement in the statute that a new dismissal date and trial date be set before the initial dismissal date—as long as the trial court makes the required statutory findings and grants the extension before the initial dismissal date, the trial court retains jurisdiction over the case. *See id*. Any other "claimed defects relating to the other requirements of 263.401(b)" do not divest the trial court of jurisdiction. *Id*.

In this case, the district court made the required findings in its April 16, 2021, Permanency Hearing Order:

> Pursuant to Section 263.401(b), Texas Family Code, the Court finds that extraordinary circumstances necessitate the children remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the children, and extension of not more than 180 days should be granted due to extraordinary circumstances, the case should be retained on the Court's docket and a new dismissal date should be scheduled and the suit should be set for final hearing on a date that will allow the Court to commence the trial on the merits before that automatic dismissal date.

The Court acknowledges these findings but discounts them, contending that the Department "had not requested an extension and the signed order did not state an extended deadline." However, as mentioned above, including a new dismissal date in the order is not a requirement for maintaining jurisdiction. *See id.* As for the Department not requesting an extension, while it is true that there is no such request in the Department's permanency report that was filed before the April permanency hearing, I do not find that dispositive of the jurisdictional inquiry. We do not have a record of the April permanency hearing and thus do not know what relief was requested or what evidence was presented at that hearing. But in the absence of a record, "we presume the evidence was sufficient to support the trial court's findings," *id.*, and the written order states that the district court found that "extraordinary circumstances necessitate the children remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the children." *See id.* I cannot conclude on the record before us, as the Court apparently does, that the district court's Section 263.401(b) findings in its April permanency order should be disregarded.

3

Moreover, the record of the June 2021 permanency hearing also establishes that the district court made the required findings to support its extension order. At that hearing, the Department requested an extension. It called as a witness Belinda Torrey, the CPS caseworker who had been assigned to the case just that month. Torrey testified that, "having just taken over this case," she "tried to look into everything to see how [the parents] are doing with their services." Torrey determined that the parents were "completing a lot of [their] services" but that "the drug tests are up and down," and she needed more time to determine the reason for that. The Department then asked Torrey, "We are approaching, I'm a little off track here, but the drop dead date is August 9th, correct?" Torrey answered, "That's correct. And the Department is asking for an extension that would give us another six months and the dismissal would be February 25th, 2022."

After further discussion regarding additional drug testing and other issues, counsel for Mother requested that as the case continued, the trial court order an in-person visitation schedule. The district court asked the children's guardian ad litem for her opinion on the matter, and she stated that she "[had] no trouble with the in-person visits and I think that would be good for the kids." The district court "agree[d] with the ad litem," instructed the parties to complete more drug testing, and stated that it would then "instruct Mrs. Torrey to move forward with in-person visits at this time." The district court added, "I think that is the best interest of the children based on today's testimony." After further discussion between the court and the parties on other matters, including when the next hearing date would be, counsel for the Department reminded the trial court of its earlier request for an extension. The trial court agreed to the request: "Yes, I will grant the extension in this case. It would appear that we are making progress which I'm very glad to hear and I don't mind granting the extension at all." After

4

confirming the availability of the parties for a subsequent hearing date of August 13, 2021, the district court stated, "All right. Extension granted." No party objected to the extension. The court concluded, "I will just close by saying to the [parents] that I'm pleased with the progress I'm seeing and keep up the good work and I think we are on a good track here." Consistent with the district court's pronouncement at the hearing, the district court's June 18, 2021, permanency order included a handwritten notation stating, "Extension granted."

I would conclude that the district court made the required section 263.401(b) findings at the hearing. The district court referenced the progress that the parents had made in completing their services and stated that they were on "a good track here," which indicates that the district court found that extraordinary circumstances were present. *See* Tex. Fam. Code § 263.401(b-3) (providing for finding of extraordinary circumstances when: "(1) a parent of a child has made a good faith effort to successfully complete the service plan but needs additional time; and (2) on completion of the service plan the court intends to order the child returned to the parent."). Additionally, the district court found that additional drug testing and in-person visits would be in "the best interest of the children," and the record supports a finding that for those additional drug tests and in-person visits to occur, the case needed to be continued beyond the initial dismissal date. Thus, the record of the June permanency hearing reflects that the district court made the specific statutory findings that it was required to make to support its extension order.

In sum, when I consider both the written findings that the district court made following the April permanency hearing and the oral findings that it made at the June permanency hearing, I conclude that the district court made the necessary findings to maintain jurisdiction of the case beyond the initial dismissal date, and for that reason, its termination order

5

is not void. *See G.X.H.*, 627 S.W.3d at 298–301. I dissent from the Court's conclusion to the contrary.

                                                    _____

                                                    Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Smith

Dissenting Opinion

Filed:   August 31, 2022